## Ex Parte Rosa Waybourne.

No. 12018. Delivered June 28, 1928.

The opinion states the case.

*Harris & Harris* of Austin, and *Merton L. Harris* of Smithville, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—This is an appeal from a judgment of the district court of Bastrop county fixing appellant's bail at $20,000.00.

This appellant was given an examining trial before a magistrate in Bastrop county upon a charge of killing her husband. She was remanded to the custody of the sheriff and her bond fixed at $20,000.00. Thereafter she sued out a writ of habeas corpus before the Honorable District Judge of said county, and upon a hearing showed that she was so charged, and that she had no property save a home in Smithville, Texas, of the reasonable value of $3500.00, which was encumbered by a mortgage of $2750.00; that she had no other property of any kind, had no family save one son nineteen years old, and no friends of sufficient ability to make a bond in the amount referred to. She has been confined in the county jail from April 1928 to this date in default of said bond. She said it was utterly impossible for her to make bond in this amount, but that she believed she might make bond in the sum of $5,000.00. In this she is supported by her son.

In the judgment of both the magistrate who heard the examining trial, and the district court who heard this application when originally presented, this is a bailable case. The statement of facts heard by the district judge is before us. We see nothing in it justifying the fixing of bond for this unfortunate woman in the amount of $20,000.00. In her case it would seem tantamount to a denial of bail. In the absence of some facts making plain to us the proposition that the case against this appellant is one likely to result in a death penalty, we have concluded not only that bail should be granted, but that it should be fixed in a reasonable sum. If the case appeared one clearly of murder and the facts stated were such as

to give rise to a reasonable belief that a heavy penalty would be inflicted, we would not question the amount fixed, but in the absence of any such facts we deem the bond as fixed too large.

The judgment of the district court fixing bond at $20,000.00 is reversed, and bail is granted in the sum of Seventy-five Hundred Dollars.

*Reversed and bail reduced.*